UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST C. TAYLOR, | No. 2:25-cv-1100 CSK P |
| Plaintiff, | ORDER |
| v. | |
| J. LEATHERMAN, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.     SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.   THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.   PLAINTIFF'S COMPLAINT

Plaintiff raises four separate claims, as follows.  In his first claim alleging failure to protect, plaintiff alleges that defendants A. Konrad, A. Oyazabol, J. Lynch, D. Heinkel, C. Pierce, and J. Leatherman subjected plaintiff to "intimidation, abuse, harassment, and "other violations of law," and failed to "adequately supervise."  (ECF No. 1 at 4.)  In his second claim alleging violation of plaintiff's Eighth Amendment right to have personal safety, plaintiff claims defendants A. Konrad, A. Oyazabol, J. Lynch, D. Heinkel, C. Pierce, and J. Leatherman "knew of and disregarded an excessive risk to plaintiff's health and safety," and "acted with deliberate

indifference to plaintiff's personal safety and subjected him to unnecessary pain" and "psychological distress." (Id. at 7.) In the third claim alleging Eighth Amendment deliberate indifference, plaintiff claims that defendants A. Konrad, A. Oyazabol, J. Lynch, D. Heinkel, C. Pierce, and J. Leatherman "knew or should have known that their conduct, attitudes, and actions created an unreasonable risk of serious harm to plaintiff" by their deliberate indifference to plaintiff's Eighth Amendment rights. (Id. at 10-11.) In his fourth claim alleging retaliation for protected speech in violation of the First Amendment, "causally associated with Eighth Amendment," plaintiff asserts that defendants A. Konrad, A. Oyazabol, D. Heinkel, C. Pierce, and J. Leatherman violated plaintiff's right to free speech by "actions of intimidation, harassment, retaliation, abuse and other violations of law against plaintiff." (Id. at 13.) He claims defendants retaliated against plaintiff for exercising his First Amendment right to "petition, or redress a grievance," and took adverse action against plaintiff to chill or silence him. (Id. at 14.)

Following the above causes of action, plaintiff appends a diary style "Facts of Case," in which he recounts events beginning on August 4, 2021, and including information concerning his unrelated eye injury, how he had to jump up on the bed to speak to another inmate through the vent, and other comments. (Id. at 15-22.)

As a result of these alleged violations, plaintiff suffered a chipped and cracked front tooth, and required four to five stitches to his lip, shame, humiliation, degradation, emotional distress, PTSD, embarrassment, mental distress and other injuries. (Id. at 6, 8-9, 10-12, 14.) Plaintiff seeks a declaratory judgment and money damages.

IV.   DISCUSSION

The Court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Plaintiff is advised that he must specifically set forth what each named defendant did or did not do that violated plaintiff's constitutional rights. The Court (and the defendants) are not required to dig through plaintiff's "Facts of Case" to attempt to figure out what actions or omissions plaintiff claims a defendant did or did not do that violated plaintiff's rights.

///

Further, the federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, speeches, explanations, stories, summaries, and the like. See McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The Court (and defendants) should be able to read and understand plaintiff's pleading within minutes. See McHenry, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

In addition, throughout the "Facts of the Case," plaintiff refers to exhibits, but no exhibit was attached. (ECF No. 1 at 18:6, 19:1, 19:11, 20:5, 22:28.)

The Court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. However, the Court grants plaintiff leave to file an amended complaint.

V. GUIDANCE REGARDING LEGAL STANDARDS

In an effort to assist plaintiff in drafting the amended complaint, plaintiff is provided the following standards governing the claims raised in his complaint.

A. Failure to Protect

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have an affirmative duty "to protect prisoners from violence at the hands of other prisoners." Id. at 833 (internal quotation marks and citation omitted); see also Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) ("[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene."). There are two components to an Eighth Amendment claim based on a prison official's failure to protect an inmate from an attack by other inmates: (1) an objective component, requiring the prisoner to show that that "conditions pos[ed] a substantial risk of serious harm"; and (2) a subjective component, requiring the prisoner to show that the defendant was aware of the risk and disregarded it. Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 297-98 (1991)). "In determining whether a deprivation is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation and determine whether they pose an intolerable risk of serious harm." Finkle v. Ryan, 174 F. Supp. 3d 1174, 1190 (D. Ariz. Mar. 30, 2016) (citing Farmer, 511 U.S. at 834). The necessary state of mind for the subjective component of an Eighth Amendment claim is "deliberate indifference." Farmer, 511 U.S. at 834. "A prison official is liable under the Eighth Amendment for failing to guarantee the safety of a prisoner if . . . the official knows of and disregards an excessive risk to inmate health or safety." Finkle, 174 F. Supp. 3d at 1190 (citing Farmer, 511 U.S. at 837).

Plaintiff is cautioned that he must set forth specific facts that demonstrate how each defendant acted with a culpable state of mind; he cannot simply state that "defendant was deliberately indifferent," or "defendant acted with a culpable state of mind." Plaintiff must identify facts that demonstrate the elements required to plead an Eighth Amendment failure to protect claim as to each named defendant.

B. False Report

A "complaint alleging that an officer filed a false report, by itself, fails to state a claim upon which relief can be granted." Koch v. Austin, 2006 WL 403818, at *5 (E.D. Cal. Feb. 16, 2006), adopted by 2006 WL 842585 (Mar. 28, 2006). A cognizable claim is stated only if there is evidence that the false report was retaliatory, or the inmate is not afforded procedural due process in the hearing on the disciplinary charge. See Pratt v. Rowland, 769 F. Supp. 1128, 1134 (N.D. Cal. 1991) (filing false report states a claim only if retaliatory); Freeman v. Rideout, 808 F.2d 949, 953 (2d Cir. 1986) (guards' "filing of unfounded charges did not give rise to a per se constitutional violation actionable under section 1983"); Sprouse v. Babcock, 870 F.2d 450, 452 (9th Cir. 1989) (claim based on falsity of charges, standing alone, did not state a constitutional claim); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (guards' fabrication of evidence does not state a claim if procedural protections are provided during disciplinary hearing).

C. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Because timing is often critical in analyzing retaliation claims, plaintiff should make clear when he exercised the protected conduct, as well as when each defendant took the identified adverse action.

D. Harassment

Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344

7

(9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F. Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983).  Nor are allegations of mere threats cognizable.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

E. Failure to Supervise

Plaintiff names Warden J. Lynch as a defendant, but included no facts as to defendant J. Lynch's personal involvement in plaintiff's "Facts of the Case." (ECF No. 1 at 15-22.)  Plaintiff is advised that defendant J. Lynch cannot be held liable on the ground that, as a supervisor, he is liable for the conduct of his subordinates.  Under section 1983, plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights or failed to act knowing of the violations.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 677.  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

VI. LEAVE TO AMEND

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is required to file his amended complaint on the form civil rights complaint provided by the Clerk of Court. **Plaintiff's amended complaint shall not exceed fifteen pages.**

VII. ORDERS

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 4, 10) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall be filed on the form civil rights complaint provided by the Clerk of Court and shall not exceed fifteen pages. The amended complaint shall comply with this

order, and with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: May 27, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/tayl1100.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FORREST C. TAYLOR,

    Plaintiff,

    v.

J. LEATHERMAN, et al.,

    Defendants.

No. 2:25-cv-1100 CSK P

NOTICE OF AMENDMENT

    Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐   Amended Complaint on the Court's form civil rights complaint and does not exceed fifteen pages.

(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff