UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST C. TAYLOR, | No. 2:25-cv-1100 CSK P |
| Plaintiff, | |
| v. | ORDER |
| J. LEATHERMAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The Court dismissed plaintiff's original complaint with leave to amend, and now plaintiff's first amended complaint is before the Court. (ECF Nos. 14, 18.)

I.      SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.    THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.   PLAINTIFF'S FIRST AMENDED COMPLAINT

In his verified first amended complaint, plaintiff alleges the following took place while he was housed at California State Prison, Sacramento. (ECF No. 18.) Plaintiff was targeted for reprisal for exercising his right to file grievances when defendant J. Leatherman started to tell inmates that plaintiff was an alleged sex offender to cause plaintiff harm for writing grievances. (ECF No. 18 at 3.) Defendant J. Leatherman told plaintiff to either rescind the grievances or "they will make his life hell." (Id.) Plaintiff was told he had no help from custody. Plaintiff was approached by other inmates and asked about the sex offender rumor; then he was told to attack the correctional officer or he would be attacked. (Id.) Plaintiff refused, and, fearing for his safety, went to defendant Sgt. D. Heinkel to explain his life was in danger, but Heinkel told plaintiff that no help would come from custody. Plaintiff reached out to mental health and was told it was a custody issue. (Id. at 3.) On or about August 4, 2021, plaintiff was called to medical where, without provocation, plaintiff was battered by defendant R. Mcleod who handcuffed plaintiff then aggressively slammed plaintiff's face and upper body into the front door, grabbed plaintiff's arm and repeatedly slammed his face into the door while calling him a "stupid nigger." (Id. at 4.) Plaintiff became enraged and told R. Mcleod that he was a tough guy to batter plaintiff while in handcuffs. R. Mcleod told plaintiff to shut up and smashed plaintiff's face into the door one last time. While R. Mcleod was walking plaintiff to the program office, R. Mcleod told other inmates that plaintiff was a sex offender. Plaintiff screamed "why are you lying on me? That shit can get me killed." R. Mcleod responded, "I know that is what we want -- this is SAC." (Id.)

Plaintiff was put in administrative segregation ("Ad-Seg"), and did not know why. (Id.) Plaintiff filed a grievance about these defendants telling inmates plaintiff was a sex offender, but the grievances were denied. (Id. at 4-5.)

Defendant C. Pierce refused to call plaintiff's witnesses at plaintiff's disciplinary hearing, and found plaintiff guilty of a sexual misconduct. (Id. at 5.) Defendant Captain A. Konrad came to interview plaintiff about being labeled a sex offender; plaintiff informed the captain that plaintiff is not a sex offender, has not been convicted of a sex crime, and that prison staff were retaliating against plaintiff for exercising his first Amendment rights. (Id.) A. Konrad became angry, and told plaintiff he has no rights in prison, and plaintiff better stop writing grievances. (Id.)

Plaintiff went to committee and explained to defendant Warden J. Lynch that "his subordinates were intentionally abusing their positions to cover up each other's illegal conduct." (Id.) Plaintiff was forced back to B Facility, and on October 10, 2021, plaintiff was attacked by two inmates because plaintiff was labeled a sex offender. (Id.)

In his first cause of action, plaintiff alleges defendants D. Heinkel, J. Leatherman, C. Pierce, A. Konrad, and J. Lynch failed to protect plaintiff from an excessive risk to his safety in violation of the Eighth Amendment. (Id. at 6-7.)

In his second cause of action, plaintiff alleges defendants J. Leatherman, A. Konrad, D. Heinkel, C. Pierce, and R. Mcleod, in deliberate indifference, violated plaintiff's right to have personal safety from an excessive risk of harm and his right to be free from cruel and unusual punishment. (Id. at 7-9.)

In his third cause of action, plaintiff alleges defendants J. Leatherman, A. Konrad, C. Pierce, D. Heinkel, R. Mcleod, and J. Lynch violated plaintiff's right to be free from cruel and unusual punishment by their deliberate indifference to his personal safety. (Id. at 9-11.)

In his fourth cause of action, plaintiff alleges defendant R. Mcleod used excessive force against plaintiff and failed to protect plaintiff in violation of the Eighth Amendment, and also alleges state law tort claims of assault and battery. (Id. at 12-13.) As a result of this excessive force, plaintiff sustained bruising and contusions to his face. (Id.)

In his fifth cause of action, plaintiff alleges that defendants C. Pierce, A. Konrad, D. Heinkel, J. Lynch, and J. Leatherman intentionally violated plaintiff's First Amendment rights by "intimidation, harassment, abuse, and other violations of law against plaintiff." (Id. at 13.) Plaintiff alleges these defendants "took adverse action against the plaintiff to chill and/or silence him" from pursuing his First Amendment rights in the future. (Id. at 14.)

As a result of all the above actions, plaintiff suffered four stitches in his lip, a chipped front tooth and bruising. Also, plaintiff suffered due process violations that caused plaintiff to be in ad-seg and lose privileges for six months. (Id.) As relief, plaintiff seeks a jury trial, declaratory judgment, money damages, and removal of the August 4, 2021 rules violation report authored by defendant J. Leatherman. (Id. at 15.)

IV.     DISCUSSION

    A.     Potentially Cognizable Claims

Plaintiff's first three causes of action are based on his claims that defendants were deliberately indifferent to plaintiff's safety, or in other words, failing to protect plaintiff in violation of the Eighth Amendment. The Court finds plaintiff states potentially cognizable Eighth Amendment failure to protect claims against defendants J. Leatherman and R. Mcleod, based on their actions in telling other inmates plaintiff was a sex offender. See Morris v. Burkhouse, 2021 WL 2119497, at *4 (C.D. Cal. March 24, 2021) (holding that the defendants were deliberately indifferent to a substantial risk of harm when they "identified [the plaintiff] to the entire prison population as sex offender").

Plaintiff also states potentially cognizable Eighth Amendment claims against defendant D. Heinkel for failing to protect plaintiff after plaintiff reported his fears for his life, and D. Heinkel told plaintiff "no help would come from custody . . . period!" which shows his culpable state of mind; and against defendant A. Konrad for failing to protect plaintiff after A. Konrad interviewed plaintiff about the threats based on his being labeled a sex offender, and A. Konrad telling plaintiff to stop filing grievances shows his culpable state of mind.

Plaintiff's fourth cause of action states a potentially cognizable excessive force claim against defendant R. Mcleod based on his use of force while plaintiff was handcuffed and for no

legitimate penological purpose, in violation of the Eighth Amendment.

Plaintiff's fifth cause of action states potentially cognizable retaliation claims against defendants J. Leatherman based on plaintiff's allegations that J. Leatherman told other inmates plaintiff was a sex offender in retaliation for plaintiff filing grievances.

Therefore, following review plaintiff's first amended complaint and, for the limited purposes of § 1915A screening, the Court finds that it states potentially cognizable Eighth Amendment claims against defendants J. Leatherman, R. McLeod, D. Heinkel, and A. Konrad, and a potentially cognizable First Amendment claim against defendant J. Leatherman. See 28 U.S.C. § 1915A.

    B.   Noncognizable Claims

        *1.   Constitutional Claims*

For the reasons stated below, the Court finds that the first amended complaint does not state potentially cognizable constitutional claims as follows:

- Defendant C. Pierce's only role was hearing the disciplinary. There are no facts showing that C. Pierce was deliberately indifferent to an excessive risk to plaintiff. Plaintiff does not allege facts that the actions of C. Pierce were based on plaintiff's protected conduct.[1] Thus, plaintiff fails to state cognizable First or Eighth Amendment claims against C. Pierce.
- Although plaintiff alleges defendant D. Heinkel failed to protect plaintiff, there are no facts alleging that D. Heinkel's failure to act was based on plaintiff's protected conduct. Therefore, plaintiff fails to state a retaliation claim against D. Heinkel.
- Similarly, plaintiff does not include any facts demonstrating that defendant A. Konrad retaliated against plaintiff. A. Konrad went to interview plaintiff, but plaintiff does not allege that A. Konrad failed to act because of plaintiff's protected conduct, and identifies no adverse action after A. Konrad told plaintiff to stop filing grievances. Plaintiff does

---

[1] In his first amended complaint, plaintiff did not raise a separate cause of action claiming defendant C. Pierce violated plaintiff's due process rights during the disciplinary hearing. Plaintiff does not include sufficient facts for the Court to determine whether plaintiff could state a viable due process claim.

6

    not state a retaliation claim against A. Konrad.

- As to defendant J. Lynch, who apparently ran plaintiff's committee hearing, plaintiff includes no facts showing that J. Lynch took no action during the committee hearing or after because of plaintiff's protected conduct. In addition, plaintiff does not allege that J. Lynch was aware that defendants J. Leatherman and R. Mcleod told other inmates plaintiff was a sex offender. Plaintiff alleges only that he told J. Lynch that his subordinates were intentionally abusing their positions to cover up each other's illegal conduct. Plaintiff fails to state a cognizable retaliation claim against J. Lynch. In addition, although plaintiff claims J. Lynch was "deliberately indifferent," plaintiff fails to allege facts showing that J. Lynch acted with a culpable state of mind. Therefore, plaintiff also fails to state a cognizable Eighth Amendment claim against J. Lynch.

    2.   *State Law Claims*

Plaintiff included state law claims of assault and battery against defendant R. Mcleod. Under the California Government Claims Act,[2] set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("Board"), and the Board acted on the claim, or the time for doing so expired. Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1244 (2004). Thus, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint. Id. at 1237, 1240; see also Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). The plaintiff must present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal. 4th 201, 209 (2007), as modified (Oct. 10, 2007). Such requirements also apply to state law claims included in a federal action under § 1983. See

---

[2] Formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using "Government Claims Act" rather than "California Tort Claims Act").

Volis v. Housing Auth. of the City of L.A. Emps., 670 F. App'x 543, 544 (9th Cir. 2016).

To be timely, a claim must be presented to the Board "not later than six months after the accrual of the cause of action." Cal. Govt. Code § 911.2. Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim. Cal. Govt. Code, § 945.6, subd. (a)(1). Federal courts must require compliance with the California Government Claims Act for pendant state law claims that seek damages against state employees or entities. Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969); Mangold, 67 F.3d at 1477. State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were presented in compliance with the applicable exhaustion requirements. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir. 1988); Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

   *3.   Conclusion*

Accordingly, the Eighth Amendment claims against defendants C. Pierce and J. Lynch, and the First Amendment retaliation claims against defendants C. Pierce, D. Heinkel, A. Konrad, and J. Lynch are hereby dismissed with leave to amend. In addition, plaintiff's state law claims against defendant R. Mcleod are dismissed with leave to amend.

V.   PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendants D. Leatherman, R. McLeod, D. Heinkel, and A. Konrad, and pursue plaintiff's potentially cognizable claims against only those defendants or he may delay serving any defendant and attempt again to state a cognizable First and Eighth Amendment claim against defendants C. Pierce and J. Lynch, cognizable retaliation claims against defendants D. Heinkel and A. Konrad, and state law claims against defendant R. Mcleod. If plaintiff elects to proceed forthwith against defendants D. Leatherman, R. McLeod, D. Heinkel, and A. Konrad, against whom he stated potentially cognizable claims for relief identified above, then within thirty days plaintiff must so elect on the appended form. In this event the Court will construe plaintiff's election as consent to dismissal without prejudice of the noncognizable claims set forth above against defendants C. Pierce, J. Lynch, D. Heinkel, and A. Konrad, and state law claims against defendant R. Mcleod. Under this option, plaintiff does not

8

need to file a second amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state a cognizable claim against defendants C. Pierce, J. Lynch, D. Heinkel, and A. Konrad, and state law claims against defendant R. Mcleod. If plaintiff elects to attempt to file a second amended complaint to address the deficiencies identified above, he has thirty days to do so.

Plaintiff is not granted leave to add new claims or new defendants.

Any second amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678 (citing Bell Atlantic, 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are

9

not entitled to the assumption of truth.  Id.

Any second amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files a second amended complaint, the prior complaints are superseded.

## VI.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Eighth Amendment claims against defendants C. Pierce and J. Lynch; the First Amendment retaliation claims against defendants C. Pierce, D. Heinkel, A. Konrad, and J. Lynch; as well as the state law claims against defendant R. Mcleod are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obligated to amend his complaint.

2. The allegations in the first amended complaint are sufficient at least to state potentially cognizable Eighth Amendment claims against defendants D. Leatherman, R. McLeod, D. Heinkel, and A. Konrad; and a First Amendment claim against defendant J. Leatherman.  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order.  In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

3. Failure to comply with this order will result in a recommendation that this action proceed on plaintiff's Eighth Amendment claims against defendants D. Leatherman, R. McLeod, D. Heinkel, and A. Konrad, and First Amendment claim against defendant J. Leatherman, and a recommendation that the defective claims be dismissed.

Dated:  September 30, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/tayl1100.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST C. TAYLOR,<br><br>               Plaintiff,<br><br>   v.<br><br>J. LEATHERMAN, et al.,<br><br>               Defendants. | No. 2:25-cv-1100 CSK P<br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____   Plaintiff opts to proceed with his Eighth Amendment claims against defendants D. Leatherman, R. McLeod, D. Heinkel, and A. Konrad, and First Amendment claim against defendant J. Leatherman. Under this option, plaintiff consents to dismissal without prejudice of the Eighth Amendment claims against defendants C. Pierce and J. Lynch, the First Amendment retaliation claims against defendants C. Pierce, D. Heinkel, A. Konrad, and J. Lynch, and the state law claims against defendant R. Mcleod.

**OR**

\_\_\_\_\_   Plaintiff opts to file a second amended complaint and delay service of process.

DATED:

_____
                                                     Plaintiff

1