UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST C. TAYLOR, | No. 2:25-cv-1100 CSK P |
| Plaintiff, | |
| v. | ORDER |
| J. LEATHERMAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. On September 30, 2025, the Court screened plaintiff's first amended complaint, and granted plaintiff thirty days to amend his pleading or to elect to proceed on his potentially cognizable Eighth Amendment claims against defendants D. Leatherman, R. McLeod, D. Heinkel, and A. Konrad; and a First Amendment claim against defendant J. Leatherman. (ECF No. 24.) That same day, plaintiff signed a second amended complaint, without benefit of the Court's screening order. (ECF No. 26.) Then, on October 14, 2025, after plaintiff received the screening order, plaintiff elected to proceed with his First and Eighth Amendment claims, as proposed in the screening order. (ECF No. 27.) With his election form, plaintiff filed a document styled "Supplemental Pleadings," in which he claimed he had re-written his first amended complaint and sent it to the Court on October 2, 2025, because he was unsure whether the Court had received his amended complaint. (ECF No. 28.) Plaintiff asked that the Court permit plaintiff to add

1

defendant C. Pierce as a supplemental pleading and dismiss the remaining defendants against whom the Court found plaintiff did not state a cognizable claim.  (Id. at 1.)

Considering plaintiff's statement that he re-filed a handwritten copy of his first amended complaint, which he styled "Amended Complaint," not "Second Amended Complaint," the Court directs the Clerk to edit the docket entry for this filing and strike the filing as duplicative.  As for adding defendant C. Pierce as a "supplemental pleading," plaintiff's request is denied.  Plaintiff provided no facts demonstrating that C. Pierce violated plaintiff's rights.  (ECF No. 28.)  In the September 30, 2025 screening order, the Court found that plaintiff's first amended complaint failed to state a cognizable claim against defendant C. Pierce because plaintiff included no facts showing that C. Pierce was deliberately indifferent to an excessive risk to plaintiff in violation of the Eighth Amendment, or that the actions of C. Pierce were based on plaintiff's protected conduct in violation of the First Amendment.  (ECF No. 24 at 6.)  Rather, plaintiff alleged only that defendant C. Pierce heard the prison disciplinary.  (Id.)  Thus, the Court cannot determine whether plaintiff has additional facts demonstrating that defendant C. Pierce violated plaintiff's First or Eighth Amendment rights.

Further, if plaintiff intended to amend to include facts showing that defendant C. Pierce violated plaintiff's due process rights during the disciplinary hearing, such due process claims are not properly joined with plaintiff's First and Eighth Amendment claims against defendants D. Leatherman, R. McLeod, D. Heinkel, and A. Konrad.  Rule 20(a) of the Federal Rules of Civil Procedure provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits").  Plaintiff's putative due process claims will not involve the same questions of law or fact common to plaintiff's First and Eighth Amendment claims against defendants D. Leatherman, R. McLeod, D. Heinkel, and A. Konrad.  Thus, any claim that C. Pierce violated plaintiff's due process rights must be pursued in a separate civil rights action.

Pursuant to plaintiff's October 14, 2025 election, this action proceeds on plaintiff's first amended complaint (ECF No. 18) against defendants D. Leatherman, R. McLeod, D. Heinkel, and A. Konrad for violations of the Eighth Amendment; and against defendant J. Leatherman for violation of the First Amendment. (ECF No. 27.) In an abundance of caution, plaintiff is granted thirty days to file a second amended complaint, re-alleging his claims against defendants D. Leatherman, R. McLeod, D. Heinkel, and A. Konrad for violations of the Eighth Amendment; and against defendant J. Leatherman for violation of the First Amendment, and including plaintiff's First or Eighth Amendment claims against C. Pierce, if plaintiff can allege specific facts demonstrating that C. Pierce violated plaintiff's First or Eighth Amendment rights.

If plaintiff fails to file a second amended complaint within thirty days, this action will proceed solely on plaintiff's claims against defendants D. Leatherman, R. McLeod, D. Heinkel, and A. Konrad for violations of the Eighth Amendment; and against defendant J. Leatherman for violation of the First Amendment, as set forth in the September 30, 2025 screening order, and as elected by plaintiff on October 14, 2025. If plaintiff wishes to avoid further delay, he may file a statement declining to file a second amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to edit ECF No. 26 to read "copy of first amended complaint," and to strike the filing as duplicative of ECF No. 18.

2. Plaintiff is granted thirty days from the date of this order to file a second amended complaint as set forth above. If plaintiff fails to file a second amended complaint, this action will proceed as plaintiff elected on October 14, 2025. (ECF No. 27.)

3. The Clerk of the Court is directed to send plaintiff a copy of his first amended complaint (ECF No. 18).

Dated: October 22, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/tayl1100.clar

3